Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft by bailee; the punishment, confinement in the penitentiary for two years.

Omitting the formal parts, the indictment reads as follows: "Piercie Whatley did, having possession of ninety dollars in money, of the value of ninety dollars, the same being the corporeal personal property of D. D. Brogdon, by virtue of his contract of hiring with said D. D. Brogdon, did then and there ' unlawfully and without the consent of the said D. D. Brogdon, the owner thereof, unlawfully convert said ninety dollars in money, of the value of ninety dollars,· to his, the said Piercie Whatley's own use and with the intent to deprive the said D. D. Brogdon, the owner thereof, of the value of the same."

It is observed that the word "fraudulently" is omitted from the indictment. The use of such word is indispensable in charging theft by bailee under Art. 1429, P.C. Rhodes v. State, 122 Tex. Cr.R. 156, 54 S.W.2d 119; Patterson v. State, 122 Tex.Cr.R. 502, 56 S.W.2d 458. We quote said article as follows: "Any person having possession of personal property of another by virtue of a contract of hiring or borrowing, or other bailment, who shall without the consent of the owner, *fraudulently* convert such property to his own use with intent to deprive the owner of the value of the same, shall be guilty of theft, and shall be punished as for theft of like property." (Italics ours.)

The judgment is reversed and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## NABORS v. STATE.
### No. 19931.

Court of Criminal Appeals of Texas.
Nov. 16, 1938.

W. T. Locke, of Wichita Falls, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Drunkenness in a public place is the offense; penalty assessed at a fine of $45.

Appellant entered a plea of guilty to the offense charged in the complaint and information, both of which appear regular and properly presented. The record is before this court without statement of facts or bills of exception.

No error has been perceived or pointed out.

The judgment is affirmed.